

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00574-CV

Jonathan **CASTRO**,
Appellant

v.

Theretha **SMITH**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2022CV02911
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: January 11, 2023

DISMISSED AS MOOT

On October 31, 2022, the clerk's record was filed in this appeal. The record reflects that in this forcible detainer action, Appellant Jonathan Castro appeals from the county court's final judgment granting possession of certain real property to Appellee Theretha Smith.

The only issue in a forcible detainer action is the right to actual possession of the property. *See* Tex. R. Civ. P. 510.3(e); *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 785 (Tex. 2006). "Judgment of possession in a forcible detainer action is not intended to be a final determination of

whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Marshall*, 198 S.W.3d at 787.

Here, the county court's final judgment grants only possession and does not grant past rent or attorney's fees to Smith. Further, the clerk's record reflects that the supersedeas bond was set at $20,000. There is no indication in the record that Appellant Castro superseded the judgment by posting bond. Further, on September 27, 2022, Appellant Castro informed this court by telephone of his updated permanent address, which is a different address from the property at issue. It therefore appears that Appellant Castro did not supersede the judgment and may no longer be in possession of the property at issue.

Although the failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall*, 198 S.W.3d at 787. Accordingly, on November 15, 2022, we ordered Appellant Castro to file a written response by November 30, 2022, explaining whether he has a potentially meritorious claim of right to current, actual possession of the property. *See id*. We further explained that if Appellant Castro failed to respond within the time provided, this appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). Appellant Castro has failed to respond. Therefore, this appeal is dismissed as moot. *See Marshall*, 198 S.W.3d at 787; *see also* TEX. R. APP. P. 42.3(c).

PER CURIAM